UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Pavel Polaz,

    Plaintiff,

— against —

Bowers Trucking, LLC and Joseph Cherry,

    Defendants.

18-cv-527 (ARR) (SJB)

**Opinion & Order**

**Not for electronic or print publication**

ROSS, United States District Judge:

    Plaintiff Pavel Polaz is suing defendants Bowers Trucking LLC and Joseph Cherry for personal injuries stemming from a truck collision that occurred in Mercer County, Pennsylvania. Polaz initially filed suit in Kings County Supreme Court, but the defendants removed this action to federal court based on diversity jurisdiction—Bowers Trucking and Cherry are citizens of Ohio, while Polaz is a citizen of New York. The defendants now move to dismiss the complaint for lack of personal jurisdiction or, in the alternative, on the basis of forum non conviens. The plaintiff has been given an opportunity to respond to this motion, but he has not done so. For the reasons that follow, the defendant's Rule 12(b)(2) motion to dismiss is granted.

## BACKGROUND

    Plaintiff Polaz was driving a Volkswagen truck in Pennsylvania on October 7, 2017, when it broke down and he exited the vehicle. Verified Compl. ¶¶ 30–33, ECF No. 1-1. Defendant Cherry, who was driving a Mack truck belonging to defendant Bowers Trucking, drove into the front driver's side of Polaz's disabled truck. *Id.* ¶¶ 21–22, 34. Polaz's truck swung around, hitting Polaz. *Id.* ¶ 35. As a result of being hit by his own truck, Polaz was seriously injured. *Id.* ¶ 36.

    Polaz is a resident of Brooklyn, New York. *Id.* ¶ 1. Cherry is a resident of Ohio. *Id.* ¶ 12. Bowers Trucking is a company "duly organized and existing under and by virtue of the laws of the State of Ohio," *id.* ¶ 2, but it is also "duly authorized to do business within the State of New York,"

*id.* ¶ 3. It is "engaged in the business of moving freight of all kind within the continental United States, including within the State of New York," *id.* ¶ 4, and it "transacts and transacted business within the State of New York," *id.* ¶ 5. Specifically, it "contracts from the State of Ohio and/or elsewhere to supply goods and/or services within the State of New York." *Id.* ¶ 6.

Polaz filed suit against Bowers Trucking and Cherry in Kings County Supreme Court on December 15, 2017. *See id.* at 9. The defendants' counsel then removed this case to federal court. *See* Notice of Removal, ECF No. 1. This action was removed to federal court under 28 U.S.C. § 1441 because there is "complete diversity of citizenship" and "the amount in controversy clearly exceeds $75,000." *Id.* ¶¶ 2–4. On the same day that the defendants removed this case to federal court—January 25, 2018—they filed an answer to the complaint. *See* Answer, ECF No. 6.

Nearly four weeks later, the defendants requested a pre-motion conference regarding an anticipated motion to dismiss for lack of personal jurisdiction and forum non conviens under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). I informed plaintiff via a notice posted on the ECF docket that, per my individual rules, he was required to file a responsive letter within seven business days of the defendants' letter. *See* Feb. 20, 2018 Notice. He did not do so. I then ordered plaintiff to respond to this letter. *See* March 2, 2018 Order. He still did not do so. Because defendants' pre-motion conference letter sufficiently described the factual and legal basis for their proposed motion, and plaintiff did not respond to this letter, I exercised my discretion to treat defendants' request for a pre-motion conference as its motion to dismiss. I gave plaintiff two weeks to respond to this motion, and informed him that "[f]ailure to respond may be deemed a default." March 5, 2018 Order. Yet again, plaintiff did not respond.

Nonetheless, I will analyze the defendants' motion to dismiss on the merits, rather than granting it simply by virtue of plaintiff's failure to respond to this motion.

**DISCUSSION**

Rule 12(b) requires that a motion to dismiss for lack of personal jurisdiction must be made before a responsive pleading, such as an answer. Fed. R. Civ. P. 12(b). Nonetheless, "federal courts have allowed untimely [Rule 12(b)(2)] motions if the defense has been previously included in the answer." Wright, Miller & Kane, 5C Fed. Prac. & Proc. Civ. § 1361 (3d ed.); *see also id.* n.7 (collecting cases). Here, the defendants filed their request for a pre-motion conference regarding an anticipated motion to dismiss almost four weeks after their answer. But the defendants also stated in their answer that "[t]he court has no personal jurisdiction over the defendants as . . . these defendants do not have sufficient minimal contact with this State. This Court lacks general and specific jurisdiction over these defendants." Answer ¶ 53. I will therefore consider the defendants' untimely Rule 12(b)(2) motion.

The plaintiff has the burden of showing personal jurisdiction, but the nature of this burden varies depending on a case's procedural posture. *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 196–97 (2d Cir. 1990). To defeat a motion to dismiss, a plaintiff only has to plead factual allegations that make out "a *prima facie* showing of jurisdiction." *Id.* at 197. For a Rule 12(b)(2) motion, like a Rule 12(b)(6) motion, the court must presume "the truth of the plaintiff's factual allegations"; the question is only whether they are sufficient. *Id.* But in considering this question, a court is not required to "'draw argumentative inferences in the plaintiff's favor,' nor [is it] required 'to accept as true a legal conclusion couched as a factual allegation.'" *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) (citations omitted).

Three basic requirements must be satisfied for a federal court to exercise personal jurisdiction. *Id.* First, service must be proper. *Id.* "Second, there must be a statutory basis for personal jurisdiction . . . . 'A district court's personal jurisdiction is determined by the law of the state in which the court is located.'" *Id.* at 59–60 (quoting *Spiegel v. Schulmann*, 604 F.3d 72, 76 (2d Cir. 2010)). Finally, "the exercise of personal jurisdiction must comport with constitutional due process principles." *Id.* at

3

60. Where the plaintiff's "assertion of personal jurisdiction rests upon a state long-arm statute, the relevant constitutional constraints are those imposed by the Due Process Clause of the Fourteenth Amendment." *Id.*

Here, these requirements are not satisfied. As I will explain below, it would violate due process for the court to exercise general jurisdiction over the defendants because Cherry is an Ohio citizen, Bowers Trucking is an Ohio corporation, and there are no facts in the complaint that establish that it is "at home" in New York. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 751, 754 (2014). New York's long-arm statute does not authorize specific jurisdiction in this case either—first because the accident took place in Pennsylvania and second because there are no factual allegations in the complaint that the cause of action arises from a business transaction in New York. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 249 (2d Cir. 2007); *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 195, 209 (2d Cir. 2001).

**I. The exercise of general jurisdiction here would violate due process.**

New York's general jurisdiction statute allows a court to "exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." N.Y. C.P.L.R. § 301. It has long been black letter law that, in the case of individuals, such general jurisdiction extends only to those domiciled in New York. *See, e.g.*, *Keane v. Kamin*, 723 N.E.2d 553, 555 (N.Y. 1999). Cherry, however, currently lives in Ohio, Verified Compl. ¶ 12, and the plaintiff does not allege any facts that suggest that Cherry is nevertheless domiciled in New York. Thus, there is no general jurisdiction over him.

As for Bowers Trucking, the Supreme Court held in *Daimler* that, under the Fourteenth Amendment's Due Process Clause, general jurisdiction typically only lies in a corporation's place of incorporation and principal place of business—those places where "the corporation is fairly regarded as at home." *Daimler*, 134 S. Ct. at 751, 760 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)) The question "is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with

4

the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Id.* at 761 (alteration in original) (quoting *Goodyear*, 564 U.S. at 919). Thus, general jurisdiction can only be lawfully exercised over Bowers Trucking if it is "essentially at home" in New York.

In this case, however, there are no allegations that show that Bowers Trucking is essentially at home in New York. The complaint alleges that it is an Ohio corporation, authorized to do business in New York, which transacts an unspecified volume of business supplying goods and/or services in New York. Verified Compl. ¶¶ 2–6. This may be enough to allow for the lawful exercise of specific jurisdiction over Bowers Trucking, but it is not sufficient to support general jurisdiction.

## II. There is no statutory basis for the exercise of specific jurisdiction here.

New York's long-arm statute provides no basis for exercising specific jurisdiction over Bowers Trucking or Cherry either. This statute provides four grounds for specific jurisdiction:

> [A] court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state . . . ; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state . . . if he
>
>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>>
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> (4) owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302. The second and fourth grounds enumerated in the statute do not apply to this case: the tortious act here took place in Pennsylvania, and there is no allegation in the complaint that either defendant "owns, use or possesses any real property" located in New York.

5

Despite its broad language, the first ground listed in the statute also does not apply in this case. "To determine the existence of jurisdiction under section 302(a)(1), a court must decide (1) whether the defendant 'transacts any business' in New York and, if so, (2) whether this cause of action 'aris[es] from' such a business transaction." *Best Van Lines, Inc.*, 490 F.3d at 246 (quoting *Deutsche Bank Sec., Inc. v. Mont. Bd. of Invs.*, 850 N.E.2d 1140, 1142, 1144 (N.Y. 2006)). As to this second prong, "New York courts have held that a claim aris[es] from a particular transaction when there is some articulable nexus between the business transacted and the cause of action sued upon, or when there is a substantial relationship between the transaction and the claim asserted." *Id.* at 249 (alteration in original) (quoting *Sole Resort, S.A. de C.V. v. Allures Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006)). Here, the complaint adequately alleges that both Cherry and Bowers transacted some business in New York. *See* Verified Compl. ¶¶ 4–6, 13–15. There are no factual allegation in the complaint, however, that would even suggest that the accident in this case has anything to do with a business transaction in New York. There are no allegations, for example, that the accident occurred as Cherry was driving to or from New York, or was carrying any cargo from New York. There is therefore no basis for specific jurisdiction under CPLR 302(a)(1).

Finally, CPLR 302(a)(3) does not allow for the exercise of specific jurisdiction in this case either. "[C]ourts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the original event which caused the injury." *Whitaker*, 261 F.3d at 209 (alteration in original) (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 791 (2d Cir. 1999)). Only if the injury occurred in New York can jurisdiction be exercised under § 302(a)(3); it does not matter where the damages from the injury were felt. *Id.*; *see also, e.g.*, *Hermann v. Sharon Hosp., Inc.* 522 N.Y.S.2d 581, 583 (App. Div. 1987) ("The situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff."). Here, it is undisputed

that the accident occurred in Pennsylvania. It is thus irrelevant that Polaz is a resident of New York and may have suffered the damages resulting from this accident in New York.

## CONCLUSION

For the foregoing reasons, the factual allegations of the complaint do not support the exercise of either general or specific jurisdiction. The defendants' Rule 12(b)(2) motion to dismiss is therefore granted without prejudice to the re-filing of the complaint in a court where there is personal jurisdiction over the defendants.[1] The Clerk of Court is requested to terminate this case.

So ordered.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:		March 20, 2018
		Brooklyn, New York

---

[1] Since I am granting defendants' Rule 12(b)(2) motion, I do not address their argument in the alternative that the complaint should be dismissed on the basis of forum non conviens or transferred to a more convenient venue. I note, however, that the removal statute (28 U.S.C. § 1441) rather than the general federal venue statute (28 U.S.C.§ 1391) governs venue in cases that have been removed from state court. *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953). "Section 1441(a) expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Id.* at 666 (quoting 28 U.S.C. § 1441). Thus, since Kings County is within the Eastern District of New York, venue is proper in this Court under § 1441, although it would not be proper under § 1391.